Filed 11/2/21  P. v. Ramirez CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>EFRAIN RAMIREZ,<br><br>        Defendant and Appellant. | B307919<br><br>(Los Angeles County<br>Super. Ct. No. BA397039) |

APPEAL from an order of the Superior Court of Los Angeles County, Douglas Sortino, Judge.  Reversed and remanded with directions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Daniel C. Chang

and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

Appellant Efrain Ramirez appeals from the superior court's denial of his petition for resentencing filed under Penal Code section 1170.95, alleging he was convicted of two counts of attempted murder and requesting the appointment of counsel.[1]  The superior court denied his petition without appointing counsel, concluding that persons convicted of attempted murder are ineligible for relief under section 1170.95.  After this appeal was deemed submitted but before we issued an opinion, the Governor approved Senate Bill No. 775 (2021-2022 Reg. Sess.) (SB 775).  (Stats. 2021, ch. 551, § 2.)  This legislation, which takes effect on January 1, 2022, amends section 1170.95 to permit certain persons convicted of attempted murder to seek relief.  (Cal. Const., art. IV, § 8; Stats. 2021, ch. 551, § 2.)  Accordingly, we vacated the submission of this appeal and requested further briefing on the effects of SB 775 on this appeal.  In their supplemental briefing, both parties agreed that the matter should be remanded to permit the superior court to appoint counsel for appellant and conduct further proceedings under the new section 1170.95 after January 1, 2022.  We agree.

_____

[1]  Undesignated statutory references are to the Penal Code.

## STATEMENT OF RELEVANT FACTS

### A. *Underlying Crime*

In April 2012, appellant was accused of driving the car from which codefendant Edwin Celis shot at victim Bryan G. and later at victim "John Doe." (*People v. Ramirez* (Dec. 20, 2016, B267516) 2016 Cal.App.Unpub. LEXIS 9140, *2-*4 (*Ramirez I*).) Appellant was charged by information with the attempted murder of Bryan G. and John Doe, and the charges were accompanied by gang and firearm allegations. (*Id.* at *2.)

The jury found appellant guilty on both counts, and found true the gang and firearm allegations. (*Ramirez I, supra*, 2016 Cal.App.Unpub. LEXIS 9140, at *15-*16.) For the first count (attempted murder of Bryan G.), the court imposed a sentence of life with the possibility of parole for the attempted murder, plus 25 years to life for the firearm allegation. (*Id.* at *16.) For the second count (attempted murder of John Doe), the court imposed a consecutive sentence of life with the possibility of parole for the attempted murder, plus 20 years for the firearm allegation. (*Ibid.*) The court also imposed a restitution fine. (*Id.* at *17.) After appellant appealed, we modified the judgment to clarify that the restitution fine was joint and several with codefendant Celis, but otherwise affirmed his conviction. (*Id.* at *17, *27.)

3

**B.** *Appellant's Petition for Resentencing*

In July 2020, appellant petitioned for resentencing under section 1170.95, alleging that he "was convicted of 1st or 2nd degree attempted murder, 2 counts under the natural and probable consequences doctrine," and requesting the appointment of counsel.  The court denied the petition without appointing counsel, finding that "[a] jury convicted defendant of two counts of willful, deliberate, and premeditated attempted murder" and that "[t]he offense of attempted murder is outside the scope of section 1170.95." Appellant timely appealed.

## DISCUSSION

"Senate Bill 1437 [SB 1437] 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*People v. Gentile* (2020) 10 Cal.5th 830, 842.)  The bill also "added section 1170.95 to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief . . . ." (*Id.* at 843.)

Prior to SB 775, courts unanimously held that "the relief provided in section 1170.95 is limited to certain murder convictions and excludes all other convictions, including a conviction for attempted murder." (*People v.*

4

*Larios* (2019) 42 Cal.App.5th 956, 966, 970, review granted Feb. 26, 2020, S259983.)  However, SB 775 amends subdivision (a) of section 1170.95 to read, in pertinent part: "A person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . may file a petition with the court that sentenced the petitioner to have the petitioner's . . . attempted murder . . . conviction vacated and to be resentenced on any remaining counts . . . ." (Stats. 2021, ch. 551, § 2.)  The People concede that under the amended section 1170.95, appellant "may be able to establish a prima facie showing of eligibility."  Because appellant's judgment will not be final until after the new section 1170.95 takes effect, we remand the matter to the trial court for further proceedings, to occur after January 1, 2022.  (See *People v. Garcia* (2018) 28 Cal.App.5th 961, 973 [because defendant's judgment will not be final until after effective date of relevant Senate Bill, appropriate to remand for proceedings after the effective date].)

## DISPOSITION

The order denying appellant's section 1170.95 petition is reversed and the matter is remanded with directions to appoint counsel for appellant and to proceed, on or after January 1, 2022, consistent with the pertinent provisions of section 1170.95.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

                                        MANELLA, P. J.

We concur:

WILLHITE, J.

COLLINS, J.